UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIMBERLY GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-00935-JPH-KMB |
| ) | |
| LUCAS WALKER, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION TO SUBSTITUTE**

Counsel for defendants notified the Court and Plaintiff Kimberly Griffin of the death of Defendant Danny Clark on September 11, 2024. Dkt. 21. Plaintiff filed a motion to substitute on December 10, 2024. That motion, dkt. [30], is **granted**.

State law determines the proper party. *See Anderson v. Romero*, 42 F.3d 1121, 1123 (7th Cir. 1994) (using state law to determine proper party for substitution under Federal Rules of Appellate Procedure); *Mitchell v. LVNV Funding, LLC*, No. 2:12-cv-523-TLS, 2020 WL 614645, at *3 (N.D. Ind. Feb. 10, 2020) ("As Rule 25(a)(1) is the trial court equivalent of Federal Rule of Appellate Procedure 43(a), the same analysis can be applied.").

Under Indiana law, "[i]f the action is brought after the death of a defendant, then the action is prosecuted as are other claims against the decedent's estate." Ind. Code § 34-9-3-3(b). By contrast, if "an action commenced against the decedent before the decedent's death, the action is

continued by substituting the decedent's personal representatives, as in other actions surviving the defendant's death." Ind. Code § 34-9-3-3(a).

Defendant Danny Clark died on July 30, 2024. Dkt. 21. Ms. Griffin originally brought his claims against Mr. Clark on June 3, 2024, almost two months prior to Mr. Clark's death. *See* dkt. 1. Ms. Griffin has provided information regarding the estate, specifically that David Deal has been appointed as the personal representative of Mr. Clark's estate. Dkt. 30-1. In addition, pursuant to Rule 25(a)(3), Ms. Griffin's counsel served the motion to substitute on Mr. Clark's personal representative under Rule 4, *see* dkt. 30 at 2, and the personal representative did not respond to the motion. It is within the Court's discretion to determine whether a hearing is required for a Rule 25 substitution. *See Sullivan v. Running Waters Irrigation, Inc.,* 739 F.3d 354, 358–59 (7th Cir. 2014) (*citing United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1086 (7th Cir. 1997) (denying an evidentiary hearing for a Rule 60(b) motion), and *Duncan Foundry & Mach. Works, Inc. v. N.L.R.B.,* 458 F.2d 933, 935 (7th Cir. 1972) (same in the context of NLRB review)). Here, the Court finds no hearing necessary.

Accordingly, under Rule 25(a)(1), the claims against Defendant Clark are **dismissed** and the **clerk is directed** to **terminate** Defendant Clark from the docket. The **clerk is directed** to **add** the Estate of Danny Clark, Personal Representative, David Deal, as a Defendant on the docket using the address in

2

the Distribution, below.

**SO ORDERED**.

Date: 1/16/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

David Deal
22 E. Washington St., Suite 650
Indianapolis, IN 46204

3